IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAUDE WAYNE BLACKWELL,

    Plaintiff,

v.                                                                                  No. 2:23-cv-00079-MV-KBM

ALIEN PROPERTY CUSTODIAN REPRESENTATIVE,

    Defendant.

## AMENDED ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, filed a Request for emergency hearing with alien Property Custodian representative, along with other documents, which the Clerk docketed as a Complaint. *See* Doc. 1, filed January 26, 2023 ("Complaint"). The Complaint states:

> Pursuant to the Trading with the Enemies Act at section 50 U.S.C. §4332, it is my wish for an emergency hearing with the trustee to correct all records and make claim to my property by order of the President.
>
> My son, Christopher-Love, whom I have power of attorney for, is currently in the custody of the Federal Bureau of Prisons for a charge against his entity. It is my wish to clean up the record immediately so that he can be released and come home.

Complaint at 2. Plaintiff also submitted a cover letter that states:

> I am requesting an Emergency Hearing with the alien Property Custodian Trustee under 50 U.S.C. 4332.
>
> My son is currently locked up like a zoo animal. We wish for the trustee to please take immediate steps to protect his trust, handle the accounting and bring our son home to us.
>
> By order of the President, we are the beneficial owners of our entities. We are loyal Americans and qualified electors.
>
> Please forward this request and information to the appropriate person.

Complaint at 1.

Plaintiff also submitted a "Claim for Property from Alien Property Custodian" which states:

> By order of the President the war has ended between United States and the Blackwell Family. I, Claude-Blackwell and my wife, Beverly-June, have taken and subscribed the Amnesty Oath. As the trustee in this matter, it is my wish that you preserve them on the appropriate permanent record for the matter at hand. See attached Exhibit 1 entered into evidence titled "Amnesty Oaths."
>
> Pursuant to 13 Stat 737, by order of the President of the United States, I have met the requirements for the full return of my property under the trust created with the Alien Property Custodian described in 50 U.S.C. §4312.
>
> I hereby claim the following property under my self-governing dominion by mandate of the President of the United States:
>
> 1) CLAUDE WAYNE BLACKWELL – (COLB No. XX-XXXX-XXX) (Alien Property custodian trust) and all related property and money.
>
> 2) My wife's entity: BEVERYLY [sic] JUNE BLACKWELL – (XXXXXX-XX) (Alien property custodian trust) and all related property and money.
>
> 3) See attached Exhibit 2 entered into evidence titled "Captured property receipts and marriage license."

Complaint at 6-7. Plaintiff also submitted a "Claim for Property from Alien Property Custodian" on behalf of Christopher Love Blackwell. *See* Complaint at 23-24.

It is not clear that Plaintiff intended to initiate a civil action. Plaintiff seeks relief from the Property Custodian Trustee. It appears the only relief Plaintiff seeks from the Court is to "forward [his] request and information to the appropriate person." Complaint at 1. *See* Fed. R. Civ. P. 8(a)(3) (a complaint must contain a demand for the relief sought). Plaintiff indicates he is seeking relief pursuant to the Trading with the Enemy Act, 50 U.S.C. §§ 4301 *et seq.*, but has not included a short and plain statement showing that the Court has jurisdiction pursuant to the Trading with the Enemy Act to enter an order regarding the relief Plaintiff seeks from the Property Custodian Trustee. *See* Fed. R. Civ. P. 8(a)(1) (a complaint must contain a short

and plain statement of the grounds for the court's jurisdiction). Nor has Plaintiff provided a statement showing he is entitled to the relief he seeks from the Property Custodian Trustee. *See* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that plaintiff is entitled to relief). Plaintiff cites the Trading with the Enemy Act, which allows the United States to seize the property of alien enemies, and states "the war has ended between [the] United States and [Plaintiff's] family," but does not show that Plaintiff is an alien enemy or that property was seized during a war as defined under the Trading with the Enemy Act. Plaintiff has not paid the fee required to institute a civil action or filed an application to proceed without prepayment of the fee. *See* 28 U.S.C. §§ 1914-1915. Finally, it appears that Plaintiff may be asserting claims on behalf of his wife and son. Plaintiff, who is not an attorney authorized to practice in this Court, cannot assert claims on behalf of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint that complies with the Federal and Local Rules of Civil Procedure and either pay the filing fee or file an application to proceed *in forma pauperis*.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; (ii) file an amended complaint; and (iii) either pay the

filing fee or file an application to proceed *in forma pauperis*. Failure to timely comply with this Order may result in dismissal of this case.

                                                      **UNITED STATES MAGISTRATE JUDGE**