IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAUDE WAYNE BLACKWELL,

    Plaintiff,

v.                                                   No. 2:23-cv-00079-MV-KBM

ALIEN PROPERTY CUSTODIAN REPRESENTATIVE,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed a Request for emergency hearing with alien Property Custodian representative, along with other documents, which the Clerk docketed as a Complaint. *See* Doc. 1, filed January 26, 2023 ("Complaint"). The Complaint states:

> Pursuant to the Trading with the Enemies Act at section 50 U.S.C. §4332, it is my wish for an emergency hearing with the trustee to correct all records and make claim to my property by order of the President.
>
> My son, Christopher-Love, whom I have power of attorney for, is currently in the custody of the Federal Bureau of Prisons for a charge against his entity. It is my wish to clean up the record immediately so that he can be released and come home.

*Id.* at 2. Plaintiff also submitted a cover letter that states:

> I am requesting an Emergency Hearing with the alien Property Custodian Trustee under 50 U.S.C. 4332.
>
> My son is currently locked up like a zoo animal. We wish for the trustee to please take immediate steps to protect his trust, handle the accounting and bring our son home to us.
>
> By order of the President, we are the beneficial owners of our entities. We are loyal Americans and qualified electors.
>
> Please forward this request and information to the appropriate person.

*Id.* at 1.  Plaintiff attached to the Complaint: (i) a "Claim for Property from Alien Property Custodian" on behalf of himself and his wife, and (ii) a "Claim for Property from Alien Property Custodian" on behalf of Plaintiff's son Christopher Love Blackwell.  *Id.* at 6-7, 23-24.

> United States Magistrate Judge Karen B. Molzen notified Plaintiff:
>
> It is not clear that Plaintiff intended to initiate a civil action.  Plaintiff seeks relief from the Property Custodian Trustee.  It appears the only relief Plaintiff seeks from the Court is to "forward [his] request and information to the appropriate person."  Complaint at 1.  *See* Fed. R. Civ. P. 8(a)(3) (a complaint must contain a demand for the relief sought).  Plaintiff indicates he is seeking relief pursuant to the Trading with the Enemy Act, 50 U.S.C. §§ 4301 *et seq.*, but has not included a short and plain statement showing that the Court has jurisdiction pursuant to the Trading with the Enemy Act to enter an order regarding the relief Plaintiff seeks from the Property Custodian Trustee.  *See* Fed. R. Civ. P. 8(a)(1) (a complaint must contain a short and plain statement of the grounds for the court's jurisdiction).  Nor has Plaintiff provided a statement showing he is entitled to the relief he seeks from the Property Custodian Trustee.  *See* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that plaintiff is entitled to relief).  Plaintiff cites the Trading with the Enemy Act, which allows the United States to seize the property of alien enemies, and states "the war has ended between [the] United States and [Plaintiff's] family," but does not show that Plaintiff is an alien enemy or that property was seized during a war as defined under the Trading with the Enemy Act.  Plaintiff has not paid the fee required to institute a civil action or filed an application to proceed without prepayment of the fee.  *See* 28 U.S.C. §§ 1914-1915.  Finally, it appears that Plaintiff may be asserting claims on behalf of his wife and son.  Plaintiff, who is not an attorney authorized to practice in this Court, cannot assert claims on behalf of others.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

Doc. 6 (Amended Order to Show Cause, filed May 2, 2024) at 2-3.  Judge Molzen ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint.  *Id.* at 4.  Judge Molzen also notified Plaintiff that failure to timely show cause and file an amended complaint might result in dismissal of this case.  *Id.* at 5.  Plaintiff did not show cause, file an amended complaint, or otherwise respond to the Amended Order to Show Cause by the May 23, 2024, deadline. For these reasons, this case will be dismissed.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**